UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RHONDA HUCKELBERY,

      Plaintiff,

v.                                 Case No.  6:13-cv-960-Orl-40TBS

ORLANDO POLICE DEPARTMENT,

      Defendant.

_____

## ORDER

      Pending before the Court is Plaintiff's Corrected Motion to Strike Defendant's Exhibits Untimely Disclosed (Doc. 81).  Defendant has filed a response in opposition to the motion (Doc. 89).

      This case is on the Court's trial docket beginning December 1, 2014 (Doc. 19). Defendant has listed 238 separate documents and files as trial exhibits (Doc. 67-2). Plaintiff objects that 96 of Defendant's exhibits, consisting of several thousand pages, were not disclosed until counsel met on October 14 2014 to prepare their joint pretrial statement, and that 19 of the exhibits still had not been produced when Plaintiff filed her motion on November 7, 2014 (Doc. 81 at 1).  Now, Plaintiff is asking the Court to strike "Exhibits 23, 44, 69-71, 76-77, 79, 90, 116-117, 132, 136-139, 141, 145, 160-162, portions of 164-175, and 176 through 238 (Id., at 3).  She has not identified the portions of the exhibits she wants the Court to strike.

      As grounds for her motion Plaintiff argues that the recently disclosed exhibits were not included in Defendant's initial disclosures pursuant to FED. R. CIV.P. 26.  This Rule generally requires parties to produce certain information without awaiting a

discovery request.  The information to be provided includes: "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  FED. R. CIV.P. 26(a)(1)(A)(ii).  Plaintiff also argues that the recently disclosed exhibits should be stricken because they were not provided until months after the April 7, 2014 close of discovery (Doc. 81 at 2-3; Doc. 19).

The only exhibits Defendant specifically addresses in its response are numbers 176-228 which are personnel files for potential witnesses previously identified by the parties (Doc. 89 at 1).  Defendant argues that Plaintiff's motion should be denied because she never asked for the personnel files during discovery.  This argument begs the question whether the exhibits should have been produced pursuant to Rule 26(a)(1)(A).

Next, Defendant argues there is no prejudice because the files were produced more than six weeks in advance of the trial (Id., at 1-2).  All the Court knows about the exhibits is contained in the descriptions on Defendant's exhibit list and that they consist of several thousand pages.  This is not sufficient for the Court to decide if there is prejudice and if so, the extent of the prejudice.

Defendants final arguments are that Plaintiff has listed four exhibits she did not previously produce, and her lawyer told Defendant she objected to being provided documents not directly responsive to her discovery requests (Id.).  Neither of these arguments merits discussion.

When reviewing a district court's decision to exclude the testimony of an untimely disclosed witness, the Eleventh Circuit Court of Appeals has considered: (1) the importance of the testimony, (2) the reason for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify.  Bearint v. Dorel Juvenile Group, Inc., 389 F.3d 1339, 1353 (11th Cir.2004). Defendant's response fails to discuss the importance of the exhibits and barely touches on the second and third considerations.

Defendant does not claim that it could not have foreseen the need for these exhibits until they were disclosed, and it has failed to provide any justification for its failure to produce them as part of its initial disclosures.  Accordingly, Plaintiff's motion is GRANTED in part.  Defendant may not use exhibits 23, 44, 69-71, 76-77, 79, 90, 116-117, 132, 136-139, 141, 145, 160-162, 164-175, and 176 through 238 to support its defenses; but they may be used for purposes of impeachment.

DONE AND ORDERED in Orlando, Florida, on November 18, 2014.

THOMAS B. SMITH
United States Magistrate Judge


Copies to all Counsel