UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RHONDA HUCKELBERY,

    Plaintiff,

v.                                        Case No.  6:13-cv-960-Orl-40TBS

ORLANDO POLICE DEPARTMENT,

    Defendant.
_____

## ORDER

On November 5, 2014, Plaintiff filed a motion to strike certain of Defendant's trial exhibits (Doc. 73).  Two days later, Plaintiff filed her corrected motion to strike (Doc. 81).  In her corrected motion she argued that Defendant had listed 238 separate documents and files as trial exhibits (Doc. 67-2).  Plaintiff objected that 96 of the exhibits, consisting of several thousand pages, were not disclosed until counsel met on October 14 2014 to prepare their joint pretrial statement, and that 19 of the exhibits still had not been produced when Plaintiff filed her corrected motion on November 7, 2014 (Doc. 81 at 1).  Plaintiff asked the Court to strike "Exhibits 23, 44, 69-71, 76-77, 79, 90, 116-117, 132, 136-139, 141, 145, 160162, portions of 164-175, and 176 through 238 on the grounds that they had not been included in Defendant's initial disclosures pursuant to FED. R. CIV.P. 26, and they were not provided until months after the April 7, 2014 close of discovery (Doc. 81).

In its response, Defendant said Plaintiff's motion to strike Exhibits 176-228, which are personnel files for potential witnesses previously identified by the parties,

1

should be denied because Plaintiff never asked for the files during discovery. Defendant also argued that Plaintiff was not prejudiced because the exhibits were produced more than six weeks in advance of the trial, Plaintiff had listed four exhibits she did not previously produce, and her lawyer had objected to being provided documents not directly responsive to her discovery requests (Doc. 89).

On November 18, 2014, the Court granted Plaintiff's motion in part (Doc. 102). The Court ruled that Defendant could not use its trial exhibits numbered 23, 44, 69-71, 76-77, 79, 90, 116-117, 132, 136-139, 141, 145, 160-162, 164-175, and 176 through 238 to support its defenses; but it could use them for purposes of impeachment (Id.). Now, the case is back before the Court on Defendant's Motion for Reconsideration or in the Alternative, Appeal from Order of Magistrate (Doc. 107). Defendant is asking the Court to reconsider its November 18, 2014 Order, and "unstrike" Defendant's exhibits. Plaintiff opposes the motion (Doc. 110).

By local rule motions must include a memorandum of law in support of the relief the party is requesting. Local Rule 3.01(a). Defendant's motion for reconsideration does not include a memorandum of law or for that matter, any legal authority. This is grounds to deny the motion.

The Court will proceed on the assumption that the motion was filed pursuant to FED. R. CIV. P. 60(b).[1] Rule 60 "is broadly phrased and many of the itemized grounds

---

[1] The Rule provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

  (1) mistake, inadvertence, surprise, or excusable neglect;

are overlapping, freeing Courts to do justice in hard cases where the circumstances generally measure up to one or more of the itemized grounds." Laguna Royalty Co. v. Marsh, 350 F.2d 817, 823 (5th Cir. 1965).[2]  The rule is liberally construed to do substantial justice.  Id.

In deciding to exclude Defendant's trial exhibits, the Court utilized the three factors explained in Bearint v. Dorel Juvenile Group, Inc., 389 F.3d 1339 (11th Cir.2004), a case involving the untimely disclosure of a witness.  There, the Eleventh Circuit considered: (1) the importance of the testimony, (2) the reason for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify.  Id. at 1353.  The Court also noted that Defendant did not claim it could not have foreseen the need for the exhibits in question before they were disclosed, and it did not offer any justification for its failure to produce the exhibits as part of its initial disclosures (Doc. 102.  The Court considers all these same factors on the motion for reconsideration.

The motion begins with an acknowledgment by Defendant that through

---

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

3

inadvertence, it previously responded to the wrong motion to strike (Id.).  Defendant fails to explain how it was harmed by this mistake, but the Court recognizes harm because Exhibits 23, 44, 69, 76, 77, 79, 90, 116, 117, 132, 137, 138, 145, and 230 are not addressed in the original motion to strike.  Defendant now says these exhibits were produced to Plaintiff during discovery.[3]  Plaintiff does not deny this claim but she says, Defendant still has not properly identified the contents of its exhibit list by document title or Bates number, and still has not produced a complete copy of all of its trial exhibits (Doc. 110 at 2).  Plaintiff argues that these omissions interfere with her ability to prepare for trial since she still is not sure what evidence Defendant intends to rely upon (Id.).

Defendant alleges that during discovery, it also produced Exhibits 164-175 which are various personnel files (Doc. 107).  It says the only difference between the files it previously produced and its trial exhibits is that the files now contain updated information reflecting the individuals' employment status since the files were originally produced.  Defendant fails to state when these updates came into existence or why the updated information is relevant.  Apparently, Defendant still has not fully produced these exhibits to Plaintiff (Doc. 110 at 3).

Next, Defendant argues that the Court should reconsider its Order because Exhibits 139, 160, and 238 are "merely updates to Plaintiff's personnel file that occurred after the close of discovery." (Doc. 107 at 2).  It says these exhibits reflect Plaintiff's current employment circumstances and that she is not prejudiced because

---

[3] Defendant admits Exhibit 69 includes a supplement that was not produced during discovery but argues that the omission is not prejudicial to Plaintiff (Doc. 107 at 2).

4

she has access to these files in the course of her employment.  Plaintiff's access to her personnel file does not relieve Defendant of its discovery obligations.

Defendant alleges that Exhibits 70, 71, 136, 141, 162, 176-228, 229, and 231-238 directly refute allegations contained in Plaintiff's second amended complaint and are critical to its defenses.  Despite the importance of these exhibits, Defendant alleges, without explanation, that Plaintiff will not be prejudiced if Defendant is allowed to use the exhibits.

Defendant explains that its failure to timely produce Exhibits 70 and 71, which are personnel files, is attributable to the inadvertence of counsel (Id., at 3).  Plaintiff does not directly respond to this argument.

Defendant says Exhibit 136 was not requested by Plaintiff during the course of discovery.  While preparing for trial, Defendant became aware of the documents which concern a non-discriminatory reason why Plaintiff was not qualified for a certain position.  These documents have now been produced to Plaintiff (Id.).  The Court understands this to mean that after the close of discovery, and while preparing for trial, Defendant's lawyer discovered that his client has relevant documents that were not timely disclosed to Plaintiff.  Defendant makes no attempt to explain why these documents should not have been produced as part of its mandatory Rule 26 disclosures.

Defendant claims prejudice if not permitted to use Exhibit 141 which allegedly contradicts Plaintiff's position on her receipt of notice from Defendant.  Defendant fails to state when it first discovered the exhibit or why it was not timely disclosed (Id., at 3).

Exhibits 176-228 are more personnel files for witnesses identified in Rule 26

5

disclosures (Id., at 4).  Defendant says Plaintiff did not request these files and that she has not been prejudiced.  Once again, Defendant completely ignores whether it should have produced these files as part of its initial disclosures and fails to explain why it does not believe they are prejudicial to Plaintiff.

Defendant admits that Plaintiff requested Exhibits 231-235 but says "counsel for Defendant had difficulty obtaining this information as it did not obtain an expert to assist." (Id.).  Later, after Plaintiff asked again, Defendant's lawyer made "substantial efforts" and was able to obtain the information (Id.).  Now, Defendant says it will be prejudiced if it is not permitted to use this information at trial.  Defendant's explanation does not excuse its conduct.

Exhibits 236 and 237 are time cards for certain police officers (Id.).  Defendant would like to introduce this evidence to show that Plaintiff has inflated her back pay claim (Id., at 4-5).  It makes no attempt to explain why the time cards were not timely disclosed and in fact, when Defendant filed its motion for reconsideration it still had not produced the time cards to Plaintiff.

After due consideration, the motion is **GRANTED IN PART**.  Defendant may use the following trial exhibits to support its defenses: 23 (Bates 09407-09425); 44 (Exhibit 1 to Plaintiff's deposition); 69 (Bates 09381-09406); 76 (Bates 02959); 79 (Bates 02960); 90 (Bates 08919-08921); 117 (Bates 09034-09039); 137 (Bates 09453-09454); 138 (Bates 09333-09336); 139; 145 (Bates 09899-09944); 160; 230 (Bates 001212-001213); and 238.  Defendant may not add additional documents to these exhibits.  In all other respects, the motion is **DENIED** because the exhibits were not timely disclosed, Defendant has not shown the Court why it should be excused from its

own mistakes and inadvertence, it has not convinced the Court of the importance of the evidence, Plaintiff will be unfairly prejudiced if the exhibits are permitted, and Defendant has not provided legal authority for its position.

**DONE AND ORDERED** in Orlando, Florida, on March 9, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel