UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RHONDA HUCKELBERY,

    Plaintiff,

v.                                        Case No: 6:13-cv-0960-Orl-40TBS
                                             6:14-cv-1902-Orl-40TBS

CITY OF ORLANDO,

    Defendant.

## ORDER

This case comes before the Court on Plaintiff's Motion to Compel Defendant's Compliance with Court's Order and Fed.R.Civ.P. 26 (Doc. 123 in Case No. 6:13-cv-960-Orl-40TBS).

Plaintiff Rhonda Huckelbery is employed by Defendant City of Orlando as a Master Sergeant with the Orlando Police Department (Doc. 31, ¶ 4). In 1993, she filed Case No. 6:13-cv-0960-Orl-40TBS (the "First Case") against Defendant (First Case, Doc. 1). In the First Case, Plaintiff alleges that Defendant has discriminated against her based on her gender and age, retaliated against her for engaging in protected conduct, violated her rights to equal protection and procedural due process, and violated Florida's public records law (Id.). On November 18, 2014, the Court held the final pretrial conference in the First Case (First Case, Doc. 124). During the conference, Plaintiff's counsel announced that he had just received a right to sue letter from the Equal Employment Opportunity Commission, and that he would be filing a second case (the "Second Case") against Defendant (Id., p. 6, lines 8-15). Counsel proposed that once the Second Case was filed, the Court should consolidate the cases, allow limited discovery in the Second

Case, and that the cases could be tried together in 3 to 6 months (Id., p. 6, line 8 through p. 7, line 4). One week later, the Second Case, No. 6:14-cv-1902-Orl-40TBS, was filed (Second Case, Doc. 1). In the Second Case, Plaintiff alleges that she is disabled, and that Defendant violated the Americans with Disabilities Act by failing to make reasonable accommodations for her disability, discriminated against her on account of her disability, and interfered with the exercise of her right to a reasonable accommodation and workplace free from discrimination on the basis of her disability (Id.). Defendant was served, and Plaintiff filed a motion to consolidate the cases (Second Case, Docs. 7, 10). Defendant informed the Court that it did not object to consolidation and on December 11, 2014, the Court consolidated the cases for all further proceedings (First Case, Docs. 109, 111).

After the Second Case was served, Defendant furnished its initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A) which provides in part that each party must disclose:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information-- along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed.R.Civ.P. 26(a)(1)(A).

Plaintiff complains that Defendant described 45 of the potential witnesses it identified as persons with "general knowledge." For 38 of these witnesses, Defendant stated "Has general knowledge of Plaintiff's position held, supervisors, duties and responsibilities, Defendant's Policies and Procedures on discrimination." (First Case,

Doc. 123-1).   For the others the descriptions while different, are substantially similar (Id.). Plaintiff also complains that Defendant provided no information for 4 other witnesses it listed.   Defendant has now amended its disclosures, deleting three of these individuals and providing the subject matter about which the fourth has knowledge (First Case, Doc. 127-2).   Lastly, Plaintiff objects that Defendant has disclosed 271 documents and groups of documents, many of which only relate to the First Case, some of which were previously stricken by the Court in the First Case.   Plaintiff argues that Defendant should be required to disclose with greater specificity, the knowledge each of the witnesses described as having general knowledge, actually has.   Plaintiff also argues that Defendant's disclosures in the Second Case should be restricted to the witnesses and exhibits that are relevant to the Second Case.   Otherwise, Plaintiff says it will be required to engage in extensive and costly discovery when only limited discovery should be required.

　　　Defendant contends that with the exception of 8 witnesses, every witness it identified in its initial disclosures in the Second Case is already known to Plaintiff from the discovery in the First Case.   Defendant also argues that Plaintiff, as the party that sought consolidation, is the cause of its own dilemma.   Defendant notes that Plaintiff was aware of this risk when the Court made the following statement at the final pretrial conference in the First Case:

> Now, the Plaintiff may bear the burden of a truncated schedule, because they chose to seek consolidation with all that comes with that, including a very short fuse on discovery. The Defendant would not be similarly prejudiced.   If you needed longer discovery for some reason, you'd be entitled to it, because you didn't ask for consolidation.   But the bottom line is they have a right to file their lawsuit, and they have a right to be heard in court.   The timing, perhaps, could have been better, but that doesn't change the fact they can file it.

> And there can be successive litigation with potentially diverse outcomes, and that doesn't do anyone justice.

(First Case, Doc. 124, p.15, line 22-p. 16, line 8).

With respect to Defendant's exhibits previously stricken in the First Case the Court observed that:

> Well, if the cases get consolidated, this becomes pretty moot, in my opinion.

(Id., p.49, line 22-p. 16, line 8).

After due consideration of the record and the parties' arguments Plaintiff's motion will be **GRANTED in part**.   For those witnesses Defendant described as having only general knowledge about Plaintiff's position held, her supervisors, her duties and responsibilities, and/or Defendant's Policies and Procedures, Defendant has 14 days from the date of this Order within to further amend its initial disclosures in the Second Case .   Defendant shall identify: (1) those witnesses Defendant believes have knowledge of the facts alleged in paragraphs 11-27, 30-37, 41-42, 44, 46-47, 49-50, and 53-54 of Plaintiff's complaint in the Second Case, or Defendant's affirmative defenses in the Second Case; and (2) the paragraphs/defenses about which each of these witnesses is believed to have knowledge.   In all other respects, the motion is **DENIED**.

**DONE and ORDERED** at Orlando, Florida on March 18, 2015.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record